UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

        Plaintiff,                              **Case No. 17-cr-266-2 (JRT/SER)**

v.

Jaquon Keshawn Moman (2),                    **ORDER**

        Defendant.

---

David Steinkamp, Esq., United States Attorney's Office, Minneapolis, Minnesota, for Plaintiff.

David Izek, Esq., Altman & Izek, Minneapolis, Minnesota for Defendant.

---

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Plaintiff the United States of America's (the "Government") Motion for Discovery [Doc. No. 49] and Defendant Jaquon Keshawn Moman's ("Moman") pre-trial motions [Doc. Nos. 44, 45, 46]. Of these pre-trial motions, only Moman's Motion to Disclose and Make Informant Available for Interview ("Motion to Disclose") [Doc. No. 46] received supplemental briefing. *See* (Gov't's Suppl. Resp. to Def.'s Pre-Trial Mots., "Gov't's Suppl. Resp.") [Doc. No. 63]. The Court specifically addresses Moman's Motion to Disclose below before providing its ruling on each of the pre-trial motions before it.

**I.**      **FACTS**

Moman stands accused of two counts of "[i]nterference with [c]ommerce by [r]obbery" and one count of "[u]sing, [c]arrying, [b]randishing and [d]ischarging a [f]irearm." *See* (Superseding Indictment) [Doc. No. 28]. In particular, Moman allegedly

>unlawfully and knowingly [took] and obtain[ed] cash which was property of Metro PCS, located in Minneapolis, Minnesota, a commercial business then engaged in and affecting interstate commerce, in the presence of a victim employee, against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person . . .
>
>. . . .
>
>[And] unlawfully and knowingly attempt[ed] to take and obtain cash and merchandise which was the property of Verizon Wireless, located in Inver Grove Heights, Minnesota, a commercial business then engaged in and affecting interstate commerce, in the presence of a victim employee, against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person . . . .

(*Id.* at 1–2). It was during the second attempted robbery of the Verizon Wireless store where Moman allegedly "knowingly and unlawfully use[d], carr[ied], brandish[ed] and discharge[d] a firearm." (*Id.* at 2–3).

After the incidents, "surveillance camera footage from the robbery of [the] Inver Grove Heights Verizon store . . . was played by a local news station." (Gov't's Suppl. Resp. at 1). A member of the community called local authorities and identified Moman as one of the individuals in the footage. (*Id.*). This tip "led police to focus on the Defendant as a possible suspect." (*Id.*).

## II.   DISCUSSION

Pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, Moman requests the disclosure of the individual that contacted local authorities, including that individual's "criminal record, if any." (Mot. to Disclose). Initially, the Government asserted that it "is unaware of the use of an informant regarding this matter. The government requests the Defendant's motion be denied as moot." (Gov't's Omnibus Resp. to Def.'s Pre-Trial Mots., "Omnibus Resp.") [Doc. No. 54 at 2]. At the motions hearing before the undersigned, the Government clarified its position and requested it be allowed to submit supplemental briefing on

the issue of whether the identity of the individual should be disclosed. In its supplemental brief, the Government asserts

> [t]he only informant the government is aware of that was involved in the investigation of the Defendant is that of a tipster, who called police after surveillance camera footage from the robbery of an Inver Grove Heights Verizon store . . . was played by a local news station. The tipster identified Moman as one of the robbers, which led police to focus on the Defendant as a possible suspect. The tipster was not a material witness to the crimes charged in the Superseding Indictment, and at this time, the government is not intending to call the tipster as a witness.

(Gov't's Suppl. Resp. at 1–2). The Government also states "[i]f this witness becomes available at a later time and will be called at trial, the government will make the witness' identity available to the Defendant no later than a week prior to trial and will provide all impeaching material as required by the law." (*Id.* at 2).

Under controlling Supreme Court precedent, the Government may "withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law" on the basis of privilege. *See Rovario v. United States*, 353 U.S. 53, 59 (1957).

> A . . . limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.

*Id.* at 60–61. That said, it is well-settled that disclosure of a tipster is "not vital to a fair trial, because . . . [a tipster] merely conveys information but does not witness or participate in the offense." *United States v. Dobynes*, 905 F.2d 1192, 1996 (8th Cir. 1990) (internal quotation marks omitted). The court in *Dobynes* also a stated that a court does not commit reversible error "in refusing to require the government to disclose the identity of the confidential informant who gave the tip," even when that tip forms the basis of a search warrant. *See id.*

There is no suggestion that the individual who called local authorities personally witnessed the events or participated in the offense. *See* (Gov't's Suppl. Resp. at 1–2). Instead, the only information before the Court is that the individual called local authorities after seeing surveillance footage of one of the robberies on the local news. *See* (*id.*). Furthermore, the Government has affirmatively stated that it does not intend to call this individual as a witness at trial. *See* (*id.*). For these reasons, the Government is not required to disclose the identity of the tipster and Moman's Motion to Disclose is denied. *See Dobynes*, 905 F.2d at 1996.

### III.   CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff the United States of America's (the "Government") Motion for Discovery [Doc. No. 49] is **GRANTED** to the extent the Government seeks discovery consistent with the Federal Rules of Criminal Procedure. The motion is **DENIED** in all other respects.

2. Defendant Jaquon Keshawn Moman's ("Moman") Motion for Discovery and Inspection [Doc. No. 44] is **GRANTED** to the extent Moman seeks discovery consistent with the Federal Rules of Criminal Procedure. The motion is **DENIED** in all other respects.

3. Moman's Motion for Disclosure of 404(b) Evidence [Doc. No. 45] is **GRANTED** to the extent Moman seeks disclosure of information that is within the scope of Rule 404(b). The Government is ordered to disclose Rule 404(b) evidence **fourteen (14) days** before trial. The motion is **DENIED** in all other respects.

4. Moman's Motion to Disclose and Make Informant Available for Interview [Doc. No. 46] is **DENIED**.

Dated: April 20, 2018

                                                   *s/Steven E. Rau*
                                                   STEVEN E. RAU
                                                   United States Magistrate Judge